E-FILED
Thursday, 23 April, 2015  09:33:55 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDWARD SPILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-1016 |
| | ) | |
| JODY KING, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated at Peoria County Jail, filed the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment violation for deliberate indifference to a serious medical need.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff is an inmate at Peoria County Jail. Plaintiff alleges that Defendant Bridgett refused to provide medical care for some type of wound/boil on Plaintiff's leg and denied Plaintiff's request for band-aids on December 8, 2014. Plaintiff alleges he was denied medical care for seven (7) consecutive days thereafter, resulting in an infection on Plaintiff's leg and 12 stitches. Plaintiff alleges that Defendant King refused to call a lieutenant to whom Plaintiff could speak about the original incident, Defendant Foley failed to respond to Plaintiff's grievances about the matter, and Defendant McCoy, the warden, appears to not care about this incident.

## Analysis

To prevail on an Eighth Amendment claim for inadequate medical care, Plaintiff must show that prison officials acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. Mayoral, 245 F.3d at 938.

Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

At this point, Plaintiff has not alleged enough facts for the Court to determine whether Plaintiff had a serious medical need. A life-threatening medical condition is not required, but the Court must be able to ascertain whether "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir.1997) (citation omitted). It appears from the Complaint that once Plaintiff's wound became infected, he was provided prompt medical care. The Complaint, though, contains little information regarding the events that led up to the infection.

Even if Plaintiff could show a serious medical need at this point, Plaintiff has not shown how the defendants were deliberately indifferent to that need. Plaintiff does not identify which individuals

denied him medical care over that seven (7) day period, nor does Plaintiff describe what type of medical treatment he was receiving before Defendant Bridgett's alleged denial of treatment.

Defendants King and McCoy should be dismissed at this stage in the proceedings as they cannot be held liable under section 1983 for the actions alleged in Plaintiff's Complaint, and any amendment would be futile. Defendant King is a correctional officer and is permitted to rely upon the judgment of the medical staff at the jail regarding Plaintiff's treatment. E.g. Berry v. Peterman, 604 F.3d 435, 440 (7th Cir. 2010) (nonmedical prison officials "are entitled to defer to the judgment of jail health professionals" (citations omitted)). Defendant McCoy played no role in Plaintiff's treatment and cannot be held liable solely based upon his position at the jail. See Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant cause or participated in a constitutional deprivation." (citations omitted)).

Defendant Foley, the head nurse at the jail, may have participated in the constitutional deprivations alleged by the

Plaintiff and will therefore remain a defendant at this time. However, as currently alleged, Defendant Foley cannot be held liable solely for the denial of Plaintiff's medical grievance. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Therefore, Plaintiff is given leave to file an amended complaint containing additional facts related to any serious medical need he suffered and how prison officials responded at the jail. If the Plaintiff chooses to file an amended complaint, he should include the following information: whether any medical procedures were performed on his boil/wound, and, if so, what type of treatment he received afterwards; a description of the medical treatment he was receiving prior to December 8, 2014 for his boil/wound; the interactions he had with jail medical staff during the seven (7) days in which he alleges he did not receive treatment; and, what treatment he was requesting during that period. The Court reminds the Plaintiff that piecemeal amendments are not allowed. In other words, if Plaintiff chooses to file an amended complaint, he should draft a new complaint that includes all the information in the

original complaint and the additional information requested by the Court.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint with respect to defendants Bridgett and Foley. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2) The Clerk is directed to dismiss Defendants King and McCoy for failure to state a claim.

ENTERED: April 23, 2015.

FOR THE COURT:

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE